■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK CHAMBERS, Appellant.—Judgment, Supreme Court, Bronx County (Vincent A. Vitale, J.), rendered July 1, 1985, convicting defendant, upon his plea of guilty, of the crime of manslaughter in the first degree and sentencing him to an indeterminate term of imprisonment of from 5 to 15 years, is modified, as a matter of discretion in the interest of justice, to an indeterminate term of from 4 to 12 years, and, as so modified, affirmed.

On March 22, 1984, defendant was indicted for the crime of murder in the second degree arising from his killing of Omar Madden, his common-law brother-in-law, on March 7, 1984, after a heated argument in the family home. On March 15, 1985, pursuant to a negotiated plea, defendant was permitted to plead guilty to the crime of manslaughter in the first degree with the express understanding that the court would impose a 5- to 15-year term. On July 1, 1985, the court sentenced defendant in accordance with that understanding, and this appeal seeking mitigation of the sentence followed.

Ordinarily, of course, where defendant effects a plea bargain and receives the precise sentence that was promised, he should not later be heard to complain that he received what he bargained for *(People v McCullers,* 40 AD2d 796, 797, *affd* 33 NY2d 806). Here, however, there are special circumstances deserving of recognition. The presentence report from the Probation Department revealed that this defendant, 28 years old at the time of sentence, had never been in trouble with the law before, had a creditable employment record and a strong family life with a fully supportive wife, and that during the period from his arrest to the time of sentencing he had compiled an extraordinary record of academic and service achievement on Rikers Island. The Director of the Correctional Education Center at Rikers wrote to the court during the one-year period of his presentence detention defendant

"earned a high school equivalency diploma, served as a tutor in the computer literacy class, developed and edited an institution newspaper and recruited countless new students for our program." In a final encomium the Director added: "In the 10 years that I have worked in a correctional setting, rarely have I come across an individual who has risen above the din of institutional life to achieve so much." The sentencing minutes reveal that the court seriously considered the appropriateness of a sentence reduction and accordingly we find merit in the defendant's appeal to the extent indicated. Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Wallach, JJ.