5 THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUSHON GOLDWIRE, Appellant. [752 NYS2d 906] —Appeal from a

judgment of the County Court of Broome County (Smith, J.), rendered September 21, 2000, convicting defendant upon his plea of guilty of the crimes of attempted assault in the second degree and criminal sale of a controlled substance in the fifth degree.

Pursuant to the terms of a plea agreement, petitioner pleaded guilty to the crimes of criminal sale of a controlled substance in the fifth degree and attempted assault in the second degree in exchange for sentencing as a second felony offender to concurrent prison terms of 2 to 4 years. On this appeal, defendant contends that the sentences imposed by County Court are harsh or excessive. Defendant, a second felony offender, received concurrent sentences that were well within the statutory guidelines and were the product of plea bargaining negotiations. Absent any extraordinary circumstances that would warrant a reduction in the interest of justice, the record before us provides no ground upon which to base a modification of defendant's sentence (see People v Conyers, 285 AD2d 825, 827, lv denied 97 NY2d 680; People v Archangel, 272 AD2d 686, 687).

The People concede, however, that the mandatory surcharge of $200 and the crime victim assistance fee of $10, imposed upon defendant for each of his convictions, constituted a violation of the US Constitution's ex post facto clause because defendant's convictions arose out of offenses committed in January 2000, prior to the effective date of the amendment to Penal Law § 60.35 (1) (a). Accordingly, this matter is remitted to County Court for reconsideration of the mandatory surcharge and fee.

Crew III, J.P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the mandatory surcharge and crime victim assistance fees imposed upon defendant; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.