■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BORIS LISYANSKY et al., Appellants. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROMAN LISYANSKY et al., Appellants. [756 NYS2d 160] —Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered May 29, 2002, convicting defendants, after a jury trial, of criminal possession of stolen property in the second degree, and sentencing Boris Lisyansky to a term of 3 to 9 years, and sentencing Roman Lisyansky, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Defendants' motions to set aside, as repugnant, the verdict convicting them of criminal possession of stolen property but acquitting them of grand larceny were properly denied. Given the court's charge on the elements of the crimes submitted to the jury, there was nothing repugnant about the verdict (*see People v Tucker*, 55 NY2d 1). Moreover, even if we were to

employ the type of evidentiary analysis of the mixed verdict expressly rejected by the *Tucker* Court, we would find a factual basis under which the verdict could be reconciled.

Defendants' claim that the evidence of value was legally insufficient to meet the $50,000 threshold for second-degree criminal possession of stolen property (Penal Law § 165.52) requires preservation (*People v Gray*, 86 NY2d 10), and we decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would find that there was ample proof of value (*see People v Irrizari*, 5 NY2d 142; *People v Smith*, 275 AD2d 673, *lv denied* 95 NY2d 969).

Viewed in context, the challenged portion of the prosecutor's summation was fair comment on the evidence and responsive to the defense argument that defendants lacked the business acumen to outwit the victim (*see People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976), and there was no suggestion of uncharged crimes.

The court did not deprive defendant Roman Lisyansky of his right to counsel by denying his vague request, made after the jury was selected and sworn, to have an additional attorney, completely new to the case, participate in the examination of witnesses. The court carefully weighed defendant's interests against the danger of undue delay and accommodated his request by allowing the new attorney to be present and confer with defendant and his existing counsel (*compare People v Knowles*, 88 NY2d 763). Furthermore, there was no interference with an existing attorney-client relationship. In any event, the court's ruling did not have any impact on the conduct of the defense (*see Lainfiesta v Artuz*, 253 F3d 151, *cert denied sub nom. Lainfiesta v Greiner,* 535 US 1019).

The order of restitution was properly made. The requirements of Penal Law § 60.27 were satisfied because defendants did not request a restitution hearing and the record clearly established the evidentiary basis of the specific amounts, to which defendants did not object (*see People v Horne*, 97 NY2d 404).

Defendants' remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.