■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS HAGER, Appellant. [773 NYS2d 317]—

Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered April 20, 2001. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by reducing the mandatory surcharge to $150 and the crime victim assistance fee to $5 and as modified the judgment is affirmed.

Memorandum: As the People concede, it was a violation of the Ex Post Facto Clause of the Federal Constitution (US Const, art I, § 10 [1]) for Supreme Court to order defendant to pay a mandatory surcharge in the amount of $200 and a crime victim assistance fee of $10, ostensibly pursuant to an amendment to Penal Law § 60.35 (1) (a). Although defendant's criminal conduct occurred on April 6, 2000, after the date that the amendment stated that it was to be effective (April 1, 2000), the amendment was not signed into law until May 15, 2000. Thus, the amendment is inapplicable to defendant's conviction (*see* Donnino, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.35, 2004 Pocket Part, at 126; *see also People v Goldwire*, 301 AD2d 677, 678 [2003]). We therefore modify the judgment by reducing the mandatory surcharge to $150 and the crime victim assistance fee to $5 (*see People v Fabela*, 240 AD2d 677, 678 [1997], *lv denied* 90 NY2d 939 [1997]; *People v McIntosh*, 163 AD2d 810 [1990]; *People v Bethea*, 133 AD2d 836, 837 [1987], *lv denied* 70 NY2d 929 [1987]). Present—Wisner, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.