■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SULLIVAN, Appellant. [775 NYS2d 696]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered June 13, 2001. The judgment convicted defendant, upon his plea of guilty, of criminal possession of weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law and as a matter of discretion in the interest of justice by reducing the mandatory surcharge to $150 and the crime victim assistance fee to $5 and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) and sentencing him to a determinate term of incarceration of three years. As the People concede, it was a violation of the Ex Post Facto Clause of the Federal Constitution (US Const, art I, § 10 [1]) for County Court to order defendant to pay a mandatory surcharge of $200 and a crime victim assistance fee of $10, ostensibly pursuant to an amendment to Penal Law § 60.35 (1) (a). Although the criminal conduct here occurred on April 3, 2000, after the date that the amendment stated that it was to be effective, the amendment was not signed into law until May 15, 2000. Thus, the amendment is inapplicable to defendant's conviction (see People

*v Hager*, 5 AD3d 981 [2004]; *see also People v Goldwire*, 301 AD2d 677, 678 [2003]; *see generally* Donnino, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 60.35, 2004 Pocket Part, at 126). Although this issue is unpreserved for our review, we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by reducing the mandatory surcharge to $150 and the crime victim assistance fee to $5 (*see Hager*, 5 AD3d at 981; *see also People v Fabela*, 240 AD2d 677, 678 [1997], *lv denied* 90 NY2d 939 [1997]; *People v McIntosh*, 163 AD2d 810 [1990]; *People v Bethea*, 133 AD2d 836, 837 [1987], *lv denied* 70 NY2d 929 [1987]).

We do not consider the merits of defendant's remaining contentions because they are encompassed by defendant's waiver of the right to appeal, which we determine to be knowing and voluntary (*see People v Kemp*, 94 NY2d 831, 833 [1999]; *People v Schell*, 300 AD2d 1120, 1122 [2002], *lv denied* 99 NY2d 632 [2003]; *People v Simms*, 269 AD2d 788 [2000], *lv denied* 94 NY2d 952 [2000]). We further note that two of those contentions are foreclosed by the guilty plea (*see People v Thompson*, 4 AD3d 785 [2004]; *People v Carlton*, 2 AD3d 1353, 1354 [2003]; *People v Aristud* [appeal No. 2], 296 AD2d 844 [2002]; *Simms*, 269 AD2d 788 [2000]). Present—Green, J.P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.