■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SULLIVAN, Appellant. [784 NYS2d 769]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 24, 2002. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree (two counts), assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the second degree and reckless endangerment in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reducing the mandatory surcharge to $150 and the crime victim assistance fee to $5 and as modified the judgment is affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), criminal possession of a weapon in the second degree (§ 265.03 [2]), assault in the first degree (§ 120.10 [1]), two counts of assault in the second degree (§ 120.05 [2]) and two counts of reckless endangerment in the first degree (§ 120.25), defendant contends that County Court erred in failing to preclude the People's ballistics evidence. At trial, when the People called their ballistics expert, defendant objected to his testimony based upon the lack of disclosure by the People and requested an order of preclusion. The People acknowledged that they failed to disclose the existence of a ballistics report and notes of the ballistics expert prior to trial as demanded by defendant. The court offered defendant an adjournment of a sufficient length of time to allow defendant's counsel to study the report to prepare for cross-examination and to have ballistics tests performed on defendant's behalf, but defendant insisted on proceeding without an adjournment. Because the court's remedy would have eliminated

any prejudice to defendant while protecting the interests of society (*see People v Jenkins*, 98 NY2d 280, 284 [2002]), we conclude that it constituted a sound exercise of discretion (*see id.*).

We reject the contention of defendant that he did not receive effective assistance of counsel. Defense counsel cross-examined prosecution witnesses where appropriate with probing questions. He also entered appropriate objections and made appropriate motions on behalf of defendant. Moreover, defense counsel called two defense witnesses to offer alibis. We therefore conclude that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *see generally People v Baldi*, 54 NY2d 137, 146-149 [1981]).

Defendant contends that the court erred in denying his request for a missing witness charge with respect to three of the victims. As a preliminary matter, we note that the People contend for the first time on appeal that defendant's request for the charge was untimely, and thus the contention of the People regarding the timeliness of defendant's request is not preserved for our review (*see People v Erts*, 73 NY2d 872, 874 [1988]). In any event, any error in the failure to provide the requested charge is harmless in light of the overwhelming evidence of defendant's guilt (*see generally People v Crimmins*, 36 NY2d 230, 240-243 [1975]).

Defendant further contends that the court improperly charged the jury on a theory of transferred intent. That contention is not preserved for our review (*see* CPL 470.05 [2]; *People v Brazeau*, 304 AD2d 254, 257-258 [2003], *lv denied* 100 NY2d 579 [2003]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Were we to review that contention, we would nevertheless conclude that it is without merit because the charge regarding transferred intent adequately conveyed to the jury the appropriate standards (*see People v Adams*, 69 NY2d 805, 806 [1987]).

Defendant also contends that the court erred by constructively amending, in such a way as to allow a variation in the prosecution's theory, those counts of the indictment charging defendant with assault. We reject that contention. The evidence that defendant, or his accomplice, shot those victims with a deadly weapon "is sufficient to sustain [the assault convictions] . . . without the need for proof of the additional facts alleged in the indictment regarding the caliber and make of the firearm" (*People v Buanno*, 296 AD2d 600, 601 [2002], *lv denied* 98 NY2d 695 [2002]).

However, we agree with defendant that the judgment must be

modified to reduce the mandatory surcharge to $150 and the crime victim assistance fee to $5 (*see People v Sullivan*, 6 AD3d 1175, 1176 [2004], *lv denied* 3 NY3d 648 [2004]). We have reviewed the contentions of defendant in his pro se supplemental brief and conclude that they are without merit. We therefore modify the judgment by reducing the mandatory surcharge to $150 and the crime victim assistance fee to $5. Present— Hurlbutt, J.P., Gorski, Martoche, Lawton and Hayes, JJ.