▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SUSAN L. HARE, Also Known as SUSAN STANDISH, Also Known as JANICE BROWN, Appellant. [811 NYS2d 539]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered November 8, 2004. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the second degree, criminal possession of stolen property in the second degree and forgery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Orleans County Court for further proceedings in accordance with the following memo-

randum: Defendant appeals from a judgment convicting her following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the second degree (§ 155.40 [1]), criminal possession of stolen property in the second degree (§ 165.52) and forgery in the second degree (§ 170.10 [1]). We reject defendant's contention that the evidence of unlawful entry is legally insufficient to support the burglary conviction. The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), establishes "that defendant gained entry to the victim's home by means of deception, trickery or misrepresentation" and thus is legally sufficient to establish the unlawful entry (*People v Mitchell*, 254 AD2d 830, 831 [1998], *lv denied* 92 NY2d 984 [1998]). Defendant failed to preserve for our review her remaining challenges to the legal sufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]). Defendant also failed to preserve for our review her contentions that County Court's *Sandoval* ruling constitutes an abuse of discretion (*see People v Brown*, 16 AD3d 1102, 1103 [2005], *lv denied* 5 NY3d 760 [2005]), that the court erred in admitting certain testimony of her former husband that was protected by the spousal privilege (*see People v Egan*, 103 AD2d 940, 941 [1984]), that the court erred in permitting the prosecutor to recall the victim as a witness (*see People v Cunningham*, 13 AD3d 1118, 1119-1120 [2004], *lv denied* 4 NY3d 829 [2005]), and that she was deprived of a fair trial by prosecutorial misconduct (*see People v Greening*, 254 AD2d 739, 740 [1998], *lv denied* 92 NY2d 1032 [1998]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We reject the contention of defendant that she was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). We conclude that the court properly determined the amount of restitution without conducting a hearing inasmuch as defendant neither requested a hearing nor objected to that amount (*see People v Lisyansky*, 302 AD2d 278, 279 [2003], *lv denied* 100 NY2d 622 [2003]), and we further conclude that the sentence of incarceration is not unduly harsh or severe. We agree with defendant, however, that the court erred in setting the expiration date of the order of protection without taking into account the jail time credit to which she is entitled (*see People v Roman*, 13 AD3d 1115, 1116 [2004], *lv denied* 4 NY3d 802 [2005]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail time credit to which defendant is entitled and to specify in the order of protection an expiration date that is three years from the date of expiration of the maximum term of

the sentence (*see id.*). Present—Hurlbutt, J.P., Gorski, Green, Pine and Hayes, JJ.