THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER FARNSWORTH, Appellant. [820 NYS2d 832]—Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered January 27, 2004. The judgment convicted defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, criminal mischief in the third degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [1]) and grand larceny in the fourth degree (§ 155.30 [8]). Defendant failed to move to withdraw the plea or to vacate the judgment of conviction and thus has failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]). Contrary to the contention of defendant, his recitation of the facts underlying the crimes to which he pleaded guilty does not "clearly cast [ ] significant doubt upon [his] guilt or otherwise call [ ] into question the voluntariness of the plea" (*id.* at 666), and thus his "plea allocution does not qualify for the narrow, 'rare case' exception to the preservation doctrine described in *[Lopez]*" (*People v Toxey*, 86 NY2d 725, 726 [1995], *rearg denied* 86 NY2d 839 [1995]). Were we to reach the merits, we would conclude that defendant's plea allocution is factually sufficient. Present— Pigott, Jr., P.J., Scudder, Kehoe, Smith and Green, JJ.