■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH FAIR, Appellant. [824 NYS2d 12]—Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered February 20, 2004, convicting defendant, upon a plea of guilty, of sodomy in the first degree, and sentencing him to a term of 3 to 9 years, affirmed.

Defendant made a valid waiver of his right to appeal. Were we to find otherwise, we could nevertheless affirm. Defendant seeks a reduction in the bargained-for and imposed sentence "in the interest of justice." "Ordinarily . . . where defendant effects a plea bargain and receives the precise sentence that was promised, he should not later be heard to complain that he received what he bargained for" (*People v Chambers*, 123 AD2d 270, 270 [1986]). Given defendant's prior criminal history, the fact that this sentence was imposed concurrently with two other sentences for similar crimes in two separate counties, and the absence of any extraordinary circumstances in this case, it cannot be said that the sentence was either harsh or excessive (*see People v Higgins*, 19 AD3d 877 [2005], *lv denied* 5 NY3d 828 [2005], and we decline to disturb it. Concur—Andrias, J.P., Nardelli, Williams and Sweeny, JJ.

Marlow, J., concurs in a separate memorandum as follows: In 2002, defendant was indicted on charges of sodomy in the first degree, sexual abuse in the first degree and sexual misconduct. These charges arose from a 1995 incident in which a teenager had been sexually assaulted. Seven years later, a match was made between defendant's DNA profile and the evidence from the victim's sexual assault evidence kit.

On February 2, 2004, defendant pleaded guilty to sodomy in the first degree in full satisfaction of the indictment. The court promised a sentence of 3 to 9 years, pursuant to sentencing laws in effect at the time defendant committed the offense. In addition, the court promised defendant's sentence would run concurrently with sentences defendant was then serving for two separate sodomy offenses.

During the plea allocution, the court explained the numerous rights defendant was surrendering by pleading guilty, after which the following colloquy occurred:

"THE COURT: These are your constitutional rights simply by pleading not guilty. At the same time, a plea of guilty at this time waives your right to trial by jury and all these associated rights.

"Do you understand everything I said?

"DEFENDANT: Yes.

"THE COURT: Do you waive your right to trial by jury?

"DEFENDANT: Yes.

"THE COURT: Do you waive all these additional rights?

"DEFENDANT: Yes.

"THE COURT: Do you waive your right to appeal in this case?

"DEFENDANT: Yes."

Subsequently, the court imposed the promised sentence.

On appeal, defendant maintains that the waiver of his right to appeal was invalid, and thus this Court may, in the interest of justice, review his sentence, which he claims is excessive. For the reasons stated in my concurring opinion in *People v Moyett* (22 AD3d 114, 118-122 [2005], *lv granted* 7 NY3d 792 [2006]), the court conducted an insufficient inquiry to determine whether defendant's waiver of his right to appeal was intelligent and voluntary (*see also People v Lopez*, 6 NY3d 248, 256-257 [2006]). Therefore, I would hold that there was no valid appeal waiver, and accordingly, that defendant is entitled to a review of his excessive sentence claim (*id.* at 257).

Notwithstanding that I find defendant's waiver of his right to appeal ineffective, I nonetheless concur that the judgment of conviction should be affirmed. In support of his argument, defendant merely recites the sentencing objectives of deterrence, rehabilitation, retribution and isolation. Defendant does not identify one fact, particular to him, that would justify a sentence reduction. In any event, the court sentenced defendant in accordance with the plea agreement and within statutory guidelines (*see People v Rada*, 160 AD2d 552 [1990]). Moreover, the court imposed a sentence that is neither harsh nor excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Suitte*, 90 AD2d 80 [1982]).