■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON HAKES, Appellant. [831 NYS2d 814]—Appeal from a judgment of the Steuben County Court (Marianne Furfure, J.), rendered November 21, 2005. The judgment convicted defendant, upon his plea of guilty, of grand larceny in the second degree (three counts), falsifying business records in the first degree (three counts), and scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of three counts each of grand larceny in the second degree (Penal Law § 155.40 [1]) and falsifying business records in the first degree (§ 175.10), and one count of scheme to defraud in the first degree (§ 190.65 [1]). Defendant failed to preserve for our review his challenge to the factual sufficiency of the plea allocution (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Farnsworth*, 32 AD3d 1176 [2006], *lv denied* 7 NY3d 867 [2006]; *People v Abdallah*, 23 AD3d 1116 [2005], *lv denied* 6 NY3d 845 [2006]), and this case does not come within the narrow exception to the preservation rule (*see Lopez*, 71 NY2d at 666; *Farnsworth*, 32 AD3d at 1177). In any event, defendant entered an *Alford* plea to the three counts of falsifying business records, and "it is well settled that 'an *Alford* plea . . . does not involve a recitation of guilt' " (*People v Smith*, 26 AD3d 746, 747 [2006], *lv denied* 7 NY3d 763 [2006]). We conclude that

the plea allocution is factually sufficient with respect to the remaining counts (*see generally Farnsworth*, 32 AD3d at 1177). Defendant also contends that the plea was not voluntarily entered because there was an impermissible shift in the prosecution's theory of larceny based on the reference in the plea colloquy to larceny by "unlawful taking" rather than to larceny by "false pretenses." That contention is not preserved for our review (*see generally People v DeJesus*, 248 AD2d 1023 [1998], *lv denied* 92 NY2d 878 [1998]) and, in any event, it is not supported by the record. Finally, the contention of defendant that he was denied effective assistance of counsel does not survive his plea of guilty inasmuch as " '[t]here is no showing that the plea bargaining process was infected by any allegedly ineffective assistance or that defendant entered the plea because of his attorney['s] allegedly poor performance' " (*People v Barnes*, 32 AD3d 1250, 1251 [2006], quoting *People v Burke*, 256 AD2d 1244 [1998], *lv denied* 93 NY2d 851 [1999]). Present— Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.