■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN LAKE, Appellant. [845 NYS2d 649]—

Appeal from a judgment of the Erie County Court (Shirley Troutman, J.), rendered April 12, 2006. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree, criminal sexual act in the first degree (two counts), and rape in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the first degree (Penal Law § 140.30 [3]), rape in the first degree (§ 130.35 [1]), and two counts of criminal sexual act in the first degree (§ 130.50 [1]), defendant contends that County Court erred in refusing to suppress his statements to the police. We reject that contention. Although the suppression hearing testimony indicates that defendant was under the influence of a controlled substance while being questioned by the police, there is no evidence that defendant " 'was intoxicated to the degree of mania, or of being unable to understand the meaning of his statements' " (*People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *see People v Carpenter*, 13 AD3d 1193 [2004], *lv denied* 4 NY3d 797 [2005]; *see also People v Evans*, 34 AD3d 1301, 1302-1303 [2006], *lv denied* 8 NY3d 845 [2007]). We reject defendant's further contention that the sentence is unduly harsh or severe. Where, as here, a "defendant effects a plea bargain and receives the precise sentence that was promised, he should not later be heard to complain that he received what he bargained for" (*People v Chambers*, 123 AD2d 270, 270 [1986]; *see People v Dixon*, 38 AD3d 1242 [2007]). As the People correctly concede, however, the court erred in setting the expiration date of the order of protection without taking into account the jail-time credit to which defendant is entitled (*see People v Fomby*, 42 AD3d 894, 896 [2007]; *Dixon*, 38 AD3d 1242 [2007]; *People v Mingo*, 38 AD3d 1270 [2007]). Although defendant failed to preserve that contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail-time credit to which defendant is entitled. The court must specify in

the order of protection an expiration date in accordance with CPL 530.13 (former [4]), the version of the statute in effect when the judgment was rendered on April 12, 2006. Present— Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.