◼◼◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN S. MOSS, Appellant. (Appeal No. 1.) [845 NYS2d 651]— Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered August 30, 2004. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law § 130.30 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the second degree (§ 130.45 [1]). We reject defendant's challenge to the severity of the sentence in each appeal. "Where . . . defendant 'effects a plea bargain and receives the precise sentence that was promised, he should not later be heard to complain that he received what he bargained for' " (*People v Dixon*, 38 AD3d 1242 [2007]). As defendant correctly contends in each appeal, however, County Court erred in setting the expiration date of the orders of protection without taking into account the jail-time credit to which he is entitled (*see People v Clinkscales*, 35 AD3d 1266 [2006]; *People v Hare*, 27 AD3d 1171, 1172 [2006], *lv denied* 6 NY3d 894 [2006]; *People v Newman*, 21 AD3d 1343 [2005]). Although defendant failed to preserve that contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment in each appeal by amending the order of protection, and we remit the matters to County Court to determine the jail-time credit to which defendant is entitled. The court must specify in each order of protection an expiration date in accordance with CPL 530.13 (former [4]), the version of the statute in effect when each judgment was rendered on August 30, 2004. Present—Hurlbutt, J.P., Centra, Lunn, Fahey and Pine, JJ.