■ The People of the State of New York, Respondent, v Robert Caggiano, Appellant. [848 NYS2d 797]—Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered September 27, 2006. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sexual act in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the DNA databank fee, sex offender registration fee and supplemental sex offender victim fee and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted criminal sexual act in the first degree (Penal Law §§ 110.00, 130.50 [4]). We agree with defendant that his waiver of the right to appeal is invalid and does not foreclose our review of his challenge to the severity of the sentence. Based upon our review of the plea colloquy, we conclude that "defendant may have erroneously believed that the right to appeal is automatically extinguished upon

entry of a guilty plea" (*People v Moyett*, 7 NY3d 892, 893 [2006], citing *People v Billingslea*, 6 NY3d 248, 257 [2006]). We conclude, however, that the sentence of incarceration is not unduly harsh or severe.

As the People correctly concede, the instant offense was committed before the effective dates of the amendments to Penal Law § 60.35 providing for the DNA databank fee, sex offender registration fee and supplemental sex offender victim fee, and thus those fees should not have been imposed (*see People v Fomby*, 42 AD3d 894, 896 [2007]; *People v Febres*, 11 AD3d 319 [2004]). We therefore modify the judgment accordingly.

In addition, we note that the certificate of conviction contains a clerical error inasmuch as it incorrectly reflects the amounts of the mandatory surcharge and crime victim assistance fee. As set forth in the sentencing minutes, County Court directed defendant to pay a mandatory surcharge of $200 and a crime victim assistance fee of $10, while the certificate of conviction provides for the imposition of a mandatory surcharge of $250 and a crime victim assistance fee of $20. Those increases reflect an amendment to Penal Law § 60.35 (1) (a) that became effective after the instant offense was committed and the court therefore properly did not apply them to this conviction (*cf. People v Sullivan*, 6 AD3d 1175 [2004], *lv denied* 3 NY3d 648 [2004]; *People v Hager*, 5 AD3d 981 [2004]). The certificate of conviction must therefore be amended to reflect the proper amounts of the mandatory surcharge and crime victim assistance fee imposed at sentencing (*see generally People v Saxton*, 32 AD3d 1286 [2006]). Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.