THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY L. BOYD, Appellant. [850 NYS2d 773]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 13, 2005. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him upon his plea of guilty of criminal possession of a weapon in the third degree (Penal Law § 265.02 [3]). Contrary to defendant's contention, County Court properly refused to suppress the victim's identification of defendant. The evidence adduced at the suppression hearing does not support defendant's contention that the conduct of the police while showing the victim the photo array was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 335-336 [1990], *cert denied* 498 US 833 [1990]). Nor do we agree with defendant that the photo array itself was unduly suggestive. The six individuals depicted in the photo array appeared to be of the same race and approximately the same age, and they had similar haircuts and facial features. Thus, the array did not " 'create a substantial likelihood that the defendant would be singled out for identification' " (*People v Corchado*, 299 AD2d 843, 844 [2002], *lv denied* 99 NY2d 581 [2003], quoting *Chipp*, 75 NY2d at 336).

We further conclude that the court properly refused to suppress the handgun found in defendant's van. Upon observing the handgun in the course of an inventory search, the police stopped their inventory search and applied for a search warrant. We conclude that the inventory search was conducted pursuant to established police policy and resulted in a meaningful inventory list (*see People v Johnson*, 1 NY3d 252, 256-257 [2003]), and we conclude that the inventory search and the decision of the police to impound the vehicle were reasonable under the circumstances (*see People v Galak*, 80 NY2d 715, 718 [1993]). The victim had identified defendant as one of the perpetrators and indicated that the perpetrators were driving a green van. Further, defendant was found in the vehicle repair shop where the van was located at the time of his arrest, and the van was registered to his wife. Contrary to defendant's further contention, the search warrant was supported by probable cause (*see generally People v Bigelow*, 66 NY2d 417, 423 [1985]). Defendant's contention that the search warrant was defective for failure to comply with the requirements of CPL 690.35 (3) and CPL 690.45 is unpreserved for our review and, in any event, that contention is without merit.

Finally, because defendant failed to move to withdraw his guilty plea or to vacate the judgment of conviction, his challenge to the factual sufficiency of the plea allocution is not preserved for our review (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Farnsworth*, 32 AD3d 1176 [2006], *lv denied* 7 NY3d 867 [2006]; *People v Abdallah*, 23 AD3d 1116 [2005], *lv denied* 6 NY3d 845 [2006]), and this case does not fall within the narrow exception to the preservation requirement (*see Lopez*,

71 NY2d at 666). Present—Gorski, J.P., Martoche, Lunn, Fahey and Pine, JJ.