■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRISTAN WAGGONER, Appellant. [860 NYS2d 782]—

Appeal from a judgment of the Erie County Court (Sheila A. DiTullio, J.), rendered February 27, 2007. The judgment convicted defendant, upon his plea of guilty, of attempted rape in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [3]). We agree with defendant that his waiver of the right to appeal is invalid. The record establishes that County Court failed to engage defendant in an " 'adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860 [2002], *lv denied* 98 NY2d 767 [2002]; *see People v Thousand*, 41 AD3d 1272 [2007], *lv denied* 9 NY3d 927 [2007]). Although the contention of defendant that the court abused its discretion in denying his request for youthful offender status is thus properly before us, we conclude that it is without merit (*see People v Potter*, 13 AD3d 1191 [2004], *lv denied* 4 NY3d 889 [2005]).

Defendant further contends that the court erred in imposing a period of postrelease supervision that exceeded the period specified in the plea agreement without affording him the opportunity to withdraw his plea. We agree. Although defendant failed to preserve that contention for our review by failing to move to withdraw his plea or to object to the sentence imposed (*see People v Fomby*, 42 AD3d 894, 895 [2007]; *see also People v Cooke*, 21 AD3d 1339 [2005]), we nevertheless exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court to impose the sentence promised or to afford defendant the opportunity to withdraw his plea (*see Fomby*, 42 AD3d at 895). In light of our determination, we do not address defendant's challenge to the severity of the period of postrelease supervision.

Finally, the challenge by defendant in his supplemental brief to the duration of the orders of protection is not preserved for

our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.