Dᴀᴠɪᴅ W. Fᴏʟᴇʏ, Chautauqua County District Attorney, Intervenor-Respondent. [895 NYS2d 272]—

Proceeding pursuant to CPLR article 78 (instituted in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to prohibit respondent from enforcing the order that disqualified petitioner's appointed counsel.

It is hereby ordered that the petition is unanimously dismissed without costs.

Memorandum: Petitioner was initially indicted by a Chautauqua County grand jury in January 2009 on charges of murder in the first degree (Penal Law § 125.27 [1] [a] [vii]; [b]) and murder in the second degree (§ 125.25 [1], [3]). Approximately one week prior to trial, the People moved to disqualify petitioner's appointed counsel, the Chautauqua County Public Defender. The People asserted that there was an actual conflict of interest because a codefendant who had pleaded guilty and agreed to testify against petitioner in exchange for a lesser sentence was represented by a former assistant public defender who was a partner in a private law practice with an attorney presently serving as a part-time assistant public defender. Petitioner in fact was represented by two assistant public defenders who did not share a practice or office space with either the codefendant's counsel or his partner. Although petitioner waived the conflict on the record, County Court granted the People's motion to disqualify petitioner's appointed counsel on the ground that petitioner's right to effective assistance of counsel would be violated in the event that petitioner was represented by his appointed counsel. Petitioner commenced the instant CPLR article 78 proceeding in this Court, seeking to prohibit respondent from enforcing the order that disqualified petitioner's appointed counsel.

We dismiss the petition, although we note that we have not addressed the merits thereof. "Even if an error of allegedly constitutional dimension is involved here, 'prohibition does not lie because the removal of counsel would be reviewable upon direct appeal' " (*Matter of Barrett v Vogt*, 170 AD2d 860, 861 [1991], quoting *Matter of Lipari v Owens*, 70 NY2d 731, 733 [1987]; *see Matter of Patel v Breslin*, 45 AD3d 1240, 1241 [2007], *lv denied* 10 NY3d 704 [2008]). Present—Centra, J.P., Fahey, Peradotto, Carni and Lindley, JJ.

Tʜᴇ Pᴇᴏᴘʟᴇ ᴏғ ᴛʜᴇ Sᴛᴀᴛᴇ ᴏғ Nᴇᴡ Yᴏʀᴋ, Respondent, v Sᴛᴇᴘʜᴇɴ C. Sᴛ. Lᴀᴜʀᴇɴᴛ, Appellant. [894 NYS2d 630]—

Appeal from a judgment of the Oswego County Court (James W. McCarthy, J.), rendered August 27, 2007. The judgment convicted defendant, upon his plea of guilty, of sexual abuse in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by amending the order of protection and as modified the judgment is affirmed, and the matter is remitted to Oswego County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of sexual abuse in the first degree (Penal Law § 130.65 [3]). We agree with defendant that County Court erred in setting the expiration date of the order of protection without taking into account the jail-time credit to which he is entitled (*see People v Dixon*, 38 AD3d 1242 [2007]; *People v Mingo*, 38 AD3d 1270 [2007]). Although defendant failed to preserve that contention for our review (*see People v Nieves*, 2 NY3d 310, 315-317 [2004]), we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We therefore modify the judgment by amending the order of protection, and we remit the matter to County Court to determine the jail-time credit to which defendant is entitled and to specify in the order of protection an expiration date in accordance with CPL 530.13 (4) (former [ii]), the version of the statute in effect when the judgment was rendered on August 27, 2007. As defendant correctly concedes, however, he failed to preserve for our review his contention that the court failed to state on the record sufficient reasons for issuing the order of protection (*see* CPL 470.05 [2]), and we decline to exercise our power to address his contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Scudder, P.J., Smith, Carni, Pine and Gorski, JJ.

CRYSTAL RUN NEWCO, LLC, Respondent-Appellant, v UNITED PET SUPPLY, INC., Doing Business as THE PET COMPANY, Appellant-Respondent. [896 NYS2d 271]—