People v Solack (2019 NY Slip Op 08069)





People v Solack


2019 NY Slip Op 08069


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


1032 KA 18-02050

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PAUL P. SOLACK, JR., DEFENDANT-APPELLANT. 






DAVID J. FARRUGIA, PUBLIC DEFENDER, LOCKPORT (THERESA L. PREZIOSO OF COUNSEL), FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (LAURA T. JORDAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), rendered June 22, 2018. The judgment convicted defendant upon his plea of guilty of course of sexual conduct against a child in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of course of sexual conduct against a child in the second degree (Penal Law § 130.80 [1] [b]), defendant contends that his waiver of the right to appeal was not knowingly, intelligently and voluntarily entered. We reject that contention (see generally People v Lopez, 6 NY3d 248, 256 [2006]). Defendant's valid waiver of the right to appeal does not, however, preclude him from challenging the severity of the sentence because "the record establishes that defendant waived his right to appeal before [Supreme Court] advised him of the potential periods of [postrelease supervision] that could be imposed" (People v Mingo, 38 AD3d 1270, 1271 [4th Dept 2007]; see People v Fraisar, 151 AD3d 1757, 1757 [4th Dept 2017], lv denied 29 NY3d 1127 [2017]; see generally People v Lococo, 92 NY2d 825, 827 [1998]). Still, we conclude that the sentence is not unduly harsh or severe.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court