People v Santana (2021 NY Slip Op 50865(U))

[*1]

People v Santana (John)

2021 NY Slip Op 50865(U) [72 Misc 3d 142(A)]

Decided on September 16, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 16, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Hagler, JJ.

570139/19

The People of the State of New York,
Respondent, 
against
John Santana, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Eileen Koretz, J.H.O.), rendered January 22, 2019, convicting him, upon his plea
of guilty, of facilitating unlicensed operation of a motor vehicle in the third degree, and
sentencing him to a $500 fine.

Per Curiam.
Judgment of conviction (Eileen Koretz, J.H.O.), rendered January 22, 2019, affirmed.
Our review of the record establishes that defendant's guilty plea was knowing, intelligent and
voluntary (see People v Conceicao, 26 NY3d 375, 382-383 [2015]; People v
Sougou, 26 NY3d 1052, 1054-1055 [2015]). In satisfaction of an accusatory instrument
charging, inter alia, aggravated unlicensed operation of a motor vehicle in the second degree, a
misdemeanor, defendant pleaded guilty to the uncharged offense of facilitating unlicensed
operation of a motor vehicle in the third degree, a traffic infraction, in exchange for a sentence of
a $500 fine. Defendant admitted his guilt to the offense to which he was pleading guilty,
personally confirmed that he was pleading voluntarily and after consultation with counsel, and
understood that he was waiving his right to trial. Thus, the record as a whole establishes
defendant's understanding and waiver of his constitutional rights, despite the absence of a full
enumeration of all the rights waived (see People v Sougou, 26 NY3d at 1054; People v Simmons, 138 AD3d 520
[2016], lv denied 27 NY3d 1139 [2016]) and nothing in the plea allocution minutes casts
doubt on his guilt (see People v Toxey, 86 NY2d 725 [1995]).
We are unpersuaded that the bargained-for sentence imposed—payment of a $500
fine—was unduly harsh or excessive, and find no extraordinary circumstances warranting
a reduction of the sentence in the interest of justice (see People v Fair, 33 AD3d 558 [2006, lv denied 8 NY3d
945 [2007]). The defendant was sentenced in accordance with his plea and should not now "be
heard to complain that he received what he bargained for" (id. at 558, quoting People
v Chambers, 123 AD2d 270 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: September 16, 2021