People v Hettig (2022 NY Slip Op 06596)

People v Hettig

2022 NY Slip Op 06596

Decided on November 18, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, WINSLOW, AND MONTOUR, JJ.

852 KA 18-02402

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ADAM J. HETTIG, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered October 11, 2018. The judgment convicted defendant upon a plea of guilty of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that his waiver of the right to appeal is invalid and that his sentence is unduly harsh and severe. As the People correctly concede, defendant's waiver of the right to appeal is invalid (see People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
The People, relying on People v McGovern (265 AD2d 881 [4th Dept 1999], lv denied 94 NY2d 882 [2000]), assert that, because defendant was sentenced in accordance with the plea agreement, he should be bound by its terms and "not later be heard to complain that he received what he bargained for" (People v Dixon, 38 AD3d 1242, 1242 [4th Dept 2007] [internal quotation marks omitted]). The fact that defendant "received the bargained-for sentence[, however,] does not preclude him from seeking our discretionary review of his sentence pursuant to CPL 470.15 (6) (b)" (People v Garcia-Gual, 67 AD3d 1356, 1356 [4th Dept 2009], lv denied 14 NY3d 771 [2010]; see generally People v Pollenz, 67 NY2d 264, 267-268 [1986]; People v Thompson, 60 NY2d 513, 519-520 [1983]). We stated in Garcia-Gual that McGovern and other prior decisions of this Court "are not to be followed" to the extent that "they suggest a rule to the contrary" (Garcia-Gual, 67 AD3d at 1356). Nevertheless, we conclude that the sentence is not unduly harsh or severe.
Entered: November 18, 2022
Ann Dillon Flynn
Clerk of the Court