■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TOKARSKI, Appellant.—Case held, decision reserved, and matter remitted to Niagara County Court for further proceedings, in accordance with the following Memorandum: Upon our review of the record, we conclude that defendant's conviction for arson in the third degree is supported by sufficient evidence *(see, People v Flick,* 147 AD2d 957, *lv denied* 73 NY2d 921; *People v Landers,* 107 AD2d 1022). We decline to modify defendant's sentence in the interest of justice.

We conclude, however, that County Court erred by denying summarily defendant's motion to set aside the verdict on the ground of juror misconduct (CPL 330.30 [2]). Defendant submitted an affidavit from his sister in which she averred that she was acquainted with one of the jurors, with whom she had had past disputes about a dog she owned. The People presented the sworn statement of the juror denying that he knew defendant's sister. When confronted with conflicting factual averments, the court must hold a hearing to resolve the issue *(see,* CPL 330.40 [2] [f]; *People v Ciaccio,* 47 NY2d 431, 436; *People v Cadby,* 75 AD2d 713, 714). Here, the conflicting allegations in the sworn statements submitted should not have been resolved summarily.

Defendant further alleged that the same juror's son was questioned by police during the arson investigation. The trial record reveals that during the cross-examination of one of the police witnesses, the officer admitted that the juror's son was questioned because a car bearing a license plate registered to him was parked in front of defendant's residence on the night of the fire. Defendant submitted a police report outlining the officer's interview with the juror's son. In his sworn statement, the juror admitted that his son's name came up at trial and that he did not inform anyone of his relationship to him, although he wondered how his son got involved "in that mess." Although the juror denied that this influenced his verdict, we conclude that defendant was entitled to a hearing to explore the circumstances. Consequently, we remit the matter to Niagara County Court to hold a hearing on defendant's allegations of juror misconduct. We further find that County Court was correct in its summary rejection of the

remaining issues raised in defendant's motion pursuant to CPL 330.30. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Arson, 3rd Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.