■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG PAULICK, Appellant. [615 NYS2d 159] —Case held, decision reserved and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: Following his conviction of arson in the third degree and criminal mischief in the second degree, defendant moved to set aside the verdict on the ground, *inter alia,* of juror misconduct. In support of the motion, defendant alleged that, since the trial, he had recalled that he and a sworn juror had worked at the same location for three years and that the juror had failed to disclose that prior relationship during voir dire. Defendant indicated that a "negative situation" had occurred during their working relationship that might have caused that juror to be prejudiced against him. Defense counsel submitted an affidavit wherein he averred that he telephoned the juror, who confirmed that she had worked at the same location as

defendant. She then expressed concern that she might get in trouble if that information came out and, after consulting with her attorney, refused to answer any more questions.

County Court erred in denying defendant's motion without holding a hearing. When confronted with evidence suggesting possible juror misconduct, it is the better practice for the trial court to hold a hearing rather than to determine the issue on affidavits of counsel *(see, People v Smith,* 59 NY2d 988, 990). We conclude that the allegations that the juror concealed a past relationship with defendant and that she might harbor ill will toward him by virtue of that past relationship were sufficient to entitle defendant to a hearing *(see, People v Harding,* 44 AD2d 800). We, therefore, hold this case and remit the matter to County Court for a hearing on defendant's motion to set aside the verdict based upon possible juror misconduct. At the hearing, defendant will bear the burden of demonstrating that the juror concealed information during voir dire and that her sitting on the jury may have affected a substantial right of defendant *(see, People v Clark,* 81 NY2d 913, 914).

The verdict is supported by sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant's argument that the court erred in failing to dismiss the indictment on the ground of legal insufficiency is not reviewable on an appeal from an ensuing judgment based upon legally sufficient trial evidence *(see,* CPL 210.30 [6]; *see also, People v Lowery,* 151 AD2d 1026, *lv denied* 75 NY2d 772). We have examined the remaining issues raised by defendant and find them to be lacking in merit. (Appeal from Judgment of Monroe County Court, Wiggins, Jr., J.—Arson, 3rd Degree.) Present—Green, J. P., Lawton, Fallon, Doerr and Boehm, JJ.