THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES E. SAXTON, Appellant. [821 NYS2d 353]—

Appeal from a judgment of the Allegany County Court (James E. Euken, J.), rendered July 15, 2005. The judgment convicted defendant, upon a jury verdict, of attempted assault in the second degree, assault in the second degree, burglary in the first degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Allegany County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [1]), assault in the second degree (§ 120.05 [2]), burglary in the first degree (§ 140.30 [2]) and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Defendant did not move for dismissal with respect to the count of burglary in the first degree on the ground that the People failed to prove unlawful entry, and defendant thus failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of that crime (*see People v Gray*, 86 NY2d 10, 19 [1995]). We note in any event that defendant's contention also is unpreserved for our review because defendant failed to renew his motion to dismiss after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Adamus*, 31 AD3d 1210 [2006]). Although defendant further contends that the evidence of serious physical injury under Penal Law § 120.05 (1) is legally insufficient to support the conviction of assault in the second degree, he in fact was acquitted under that subdivision and was convicted of assault in the second degree under subdivision (2), which requires evidence only of physical injury. We note, however, that the certificate of conviction contains a clerical error, i.e., it incorrectly recites that defendant was convicted of assault in the second degree under Penal Law § 120.05 (1), and it must therefore be amended to reflect that he was convicted under Penal Law § 120.05 (2) (*see People v Lamphier*,

302 AD2d 864, 865 [2003], *lv denied* 99 NY2d 656 [2003]). Contrary to defendant's further contentions, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe.

We agree with defendant, however, that County Court erred in summarily denying his motion to set aside the verdict pursuant to CPL 330.30 (2). The sworn allegations in defendant's moving papers that defendant learned after the verdict was rendered that a juror had failed to disclose a past extramarital affair with a witness to the altercation between defendant and the victim required a hearing on the issue whether the juror's alleged misconduct prejudiced a substantial right of defendant (*see People v Rodriguez*, 100 NY2d 30, 35 [2003]; *People v Irizarry*, 83 NY2d 557, 561 [1994]; *People v Rentz*, 67 NY2d 829, 830-831 [1986]; *see also People v Paulick*, 206 AD2d 895, 896 [1994]). We therefore hold the case, reserve decision and remit the matter to County Court for a hearing on defendant's motion. Present—Hurlbutt, J.P., Gorski, Martoche and Pine, JJ.