■ The People of the State of New York, Respondent, v Charles E. Saxton, Appellant. [862 NYS2d 673]—

Appeal from a judgment of the Allegany County Court (James E. Euken, J.), rendered July 15, 2005. The appeal was held by this Court by order entered September 29, 2006, decision was reserved and the matter was remitted to Allegany County Court for further proceedings (32 AD3d 1286 [2006]). The proceedings were held and completed (John L. Michalski, J.).

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, the motion to set aside the verdict is granted, the verdict is set aside, a new trial is granted on counts three and five of the indictment and counts one and two of the indictment are dismissed without prejudice to the People to re-present any appropriate charges under those counts of the indictment to another grand jury.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, burglary in the first

degree (Penal Law § 140.30 [2]). We previously held the case, reserved decision and remitted the matter to County Court for a hearing on his CPL 330.30 (2) motion to set aside the verdict based on juror misconduct, which had been summarily denied by the court (*People v Saxton*, 32 AD3d 1286 [2006]). Defendant alleged in support of the motion that he learned after the verdict was rendered that a juror failed to disclose a past extramarital affair with a witness to the altercation between defendant and the victim, and we thus remitted the matter to the court for a hearing on the issue "whether the juror's alleged misconduct prejudiced a substantial right of defendant" (*id.* at 1287). Upon remittal, the court conducted a hearing and found, following the hearing, that juror misconduct had indeed prejudiced defendant's right to an impartial jury. The court nevertheless denied the motion, however, based on the failure of defendant to demonstrate that he was unaware of the misconduct before the jury rendered its verdict (*see* CPL 330.30 [2]). We conclude that reversal is required. As noted, the sole issue on remittal was "whether the juror's alleged misconduct prejudiced a substantial right of defendant" (*Saxton*, 32 AD3d at 1287). The People did not contest defendant's sworn allegation concerning when defendant learned of the relationship between the witness and the juror, and the court exceeded the scope of the remittal by requiring that defendant establish at the hearing that he was unaware of the misconduct "prior to the rendition of the verdict" (CPL 330.30 [2]; *see generally People v Wiggins*, 197 AD2d 802 [1993]). Present—Hurlbutt, J.P., Martoche, Pine and Gorski, JJ.