# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

537

KA 11-00291

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAMES TUCKER, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 29, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]). We note that the certificate of conviction incorrectly reflects that defendant was convicted of criminal possession of a controlled substance in the fifth degree under Penal Law § 220.06 (1), and it must therefore be amended to reflect that he was convicted under Penal Law § 220.06 (5) (*see generally People v Anderson*, 79 AD3d 1738, 1739, *lv denied* 16 NY3d 856). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

We agree with defendant, however, that Supreme Court erred in summarily denying his motion to set aside the verdict pursuant to CPL 330.30 (2). The sworn allegations in defendant's moving papers, i.e., that he learned after the verdict was rendered that a juror who had allegedly been "holding out" contacted defendant's aunt between the first and second days of deliberation and discussed the likelihood of a guilty verdict when the jury reconvened the following morning, "required a hearing on the issue whether the juror's alleged misconduct prejudiced a substantial right of defendant" (*People v*

*Saxton*, 32 AD3d 1286, 1287; *see People v Paulick*, 206 AD2d 895, 896; *see generally People v Clark*, 81 NY2d 913, 914). We therefore hold the case, reserve decision and remit the matter to Supreme Court to conduct a hearing on defendant's CPL 330.30 motion.