Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered September 26, 2012. The appeal was held by this Court by order entered March 25, 2016, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (137 AD3d 1670 [2016]). The proceedings were held and completed (Douglas A. Randall, J.).
It is hereby ordered that the case is held, the decision is *1780 reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: We previously held this case, reserved decision, and remitted the matter for a hearing upon determining that County Court (Geraci, J.) had erred in summarily denying defendant’s motion to withdraw his guilty plea (People v Henderson, 137 AD3d 1670, 1670-1671 [2016]). In support of the motion, defendant had alleged that his attorney erroneously advised him before he pleaded guilty that his plea could be withdrawn at any time prior to sentencing (id. at 1670). Upon remittal, defendant was represented by new counsel, and County Court (Randall, J.) heard the testimony of defendant’s former attorney. Defense counsel then sought to call defendant as a witness, and the court precluded defendant’s testimony and closed the hearing without rendering a decision on defendant’s motion to withdraw his plea.
The court erred in failing to rule on defendant’s motion. The intent of our prior decision was for the court to conduct a hearing and decide the motion by resolving any issues of credibility that arose at the hearing (see id. at 1671; see generally People v Stephens, 6 AD3d 1123, 1124 [2004], lv denied 3 NY3d 663 [2004], denied upon reconsideration 3 NY3d 682 [2004]). The court further erred in precluding defendant from testifying at the hearing, inasmuch as “defendant’s testimony must be considered important proof bearing directly on” whether his guilty plea was voluntarily and intelligently entered (People v Plevy, 62 NY2d 58, 65 [1980]). The testimony of defendant’s former attorney contradicted some of the assertions made by defendant in support of the motion, and thus defendant’s testimony was necessary for the court’s resolution of the resulting credibility issue (see generally People v Prochilo, 41 NY2d 759, 761 [1977]; People v Fitzgerald, 56 AD3d 811, 813 [2008]). Under the circumstances of this case, the preclusion of defendant’s testimony deprived him of “ ‘a reasonable opportunity to advance his claims [such that] an informed and prudent determination [could] be rendered’ ” on his motion (People v Days, 125 AD3d 1508, 1509 [2015], quoting People v Frederick, 45 NY2d 520, 525 [1978]). We therefore hold the case, reserve decision, and remit the matter to County Court to reopen the hearing and rule on defendant’s motion after affording him an opportunity to testify (see generally id.; People v Mack, 122 AD3d 1444, 1445 [2014]).
Present — Whalen, P.J., Centra, Lindley, Troutman and Scudder, JJ.