People v Henderson (2019 NY Slip Op 01041)





People v Henderson


2019 NY Slip Op 01041


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, AND DEJOSEPH, JJ.


1396 KA 12-02153

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY T. HENDERSON, JR., ALSO KNOWN AS BUTTER, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered September 26, 2012. The appeal was held by this Court by order entered March 31, 2017, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (148 AD3d 1779). The proceedings were held and completed (Douglas A. Randall, J.). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law
§ 140.25 [2]). We previously held this case, reserved decision, and remitted the matter for a hearing upon determining that County Court (Geraci, J.) had erred in summarily denying defendant's pro se motion to withdraw his guilty plea (People v Henderson, 137 AD3d 1670, 1670-1671 [4th Dept 2016]). In support of the motion, defendant had alleged that his attorney erroneously advised him before he pleaded guilty that his plea could be withdrawn at any time prior to sentencing (id. at 1670). Upon remittal, defendant was represented by new counsel, and County Court (Randall, J.) heard the testimony of defendant's former counsel. Defense counsel then sought to call defendant as a witness, but the court precluded defendant's testimony and closed the hearing without rendering a decision on defendant's motion to withdraw his plea. We concluded on resubmission that the court erred in failing to rule on defendant's motion, and we therefore held the case, reserved decision, and again remitted the matter to County Court to reopen the hearing and rule on defendant's motion after affording him an opportunity to testify (People v Henderson, 148 AD3d 1779, 1780 [4th Dept 2017]).
This matter returns to us following completion of that hearing, during which the court heard testimony from defendant and the prosecutor involved in defendant's plea colloquy. Contrary to defendant's contention, the court did not abuse its discretion in denying his motion to withdraw his plea of guilty (see CPL 220.60 [3]; People v Muccigrosso, 269 AD2d 754, 754 [4th Dept 2000], lv denied 95 NY2d 800 [2000]; see also People v DeLeon, 40 AD3d 1008, 1009 [2d Dept 2007], lv denied 9 NY3d 874 [2007]; see generally People v Brown, 14 NY3d 113, 116 [2010]). The hearing testimony from defendant's former counsel belies defendant's allegation that he was advised by his former counsel that he could unilaterally withdraw his plea prior to sentencing, and the court did not abuse its discretion in resolving the credibility issues created by any conflict between the testimony of defendant's former counsel and the prosecutor and that of defendant (see People v Colon, 122 AD3d 1309, 1310 [4th Dept 2014], lv denied 25 NY3d 1200 [2015]). We reject defendant's further contention that his recitation of the facts during the plea colloquy "cast[] significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court