People v Murphy (2019 NY Slip Op 04585)





People v Murphy


2019 NY Slip Op 04585


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


599 KA 16-02362

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS MURPHY, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (JULIE BENDER FISKE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Thomas P. Franczyk, J.), rendered December 5, 2016. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree and arson in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of manslaughter in the first degree (Penal Law § 125.20 [1]) and arson in the second degree (§ 150.15). Contrary to defendant's contention, we conclude that " [t]he plea colloquy and the written waiver of the right to appeal signed [and acknowledged in County Court] by defendant demonstrate that [he] knowingly, intelligently and voluntarily waived the right to appeal, including the right to appeal the severity of the sentence' " (People v Weber, 169 AD3d 1372, 1372-1373 [4th Dept 2019], lv denied — NY3d — [Apr. 30, 2019]). Defendant's valid waiver of the right to appeal forecloses his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 255 [2006]; People v Hidalgo, 91 NY2d 733, 737 [1998]; cf. People v Maracle, 19 NY3d 925, 928 [2012]). We note that the certificate of conviction incorrectly reflects that defendant was convicted of manslaughter in the first degree under Penal Law § 120.20 (1), and it must therefore be amended to reflect that he was convicted under Penal Law § 125.20 (1) (see People v Saxton, 32 AD3d 1286, 1286-1287 [4th Dept 2006]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court