People v Blunt (2019 NY Slip Op 05917)





People v Blunt


2019 NY Slip Op 05917


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


603 KA 15-02178

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY BLUNT, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered September 16, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, conspiracy in the second degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and conspiracy in the second degree (§ 105.15). Defendant contends that County Court erred when, following its declaration of a mistrial in defendant's initial trial, it granted the application of the People for an order for the conditional examination of a witness (see CPL 660.10) who had been taken into custody on a material witness order to secure her attendance at the initial trial (see CPL 620.10). We agree with the People that defense counsel's general objection to the taking of the conditional examination was insufficient to preserve for our review defendant's present contention, i.e., that the court was statutorily prohibited from ordering the conditional examination because the court had the authority to make the witness amenable to legal process by continuing the material witness order instead of allowing her release, inasmuch as the objection lacked the requisite specificity (see People v Robinson, 88 NY2d 1001, 1001-1002 [1996], citing CPL 470.05 [2]; see also People v Ponder, 266 AD2d 826, 827 [4th Dept 1999], lv denied 94 NY2d 924 [2000], reconsideration denied 95 NY2d 856 [2000]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; Ponder, 266 AD2d at 827).
Defendant further contends that the court erred in admitting in evidence the witness's videotaped conditional examination because the People failed to exercise due diligence in attempting to locate her for the subject trial. We reject that contention. As relevant here, CPL 670.10 (1) permits the admission of a witness's testimony from a previous conditional examination at a subsequent proceeding when the witness cannot with due diligence be found or the witness is outside the state and cannot with due diligence be brought before the court (see People v Diaz, 97 NY2d 109, 112 [2001]; People v Ayala, 75 NY2d 422, 428 [1990], rearg denied 76 NY2d 773 [1990]; People v Arroyo, 54 NY2d 567, 569-570 [1982], cert denied 456 US 979 [1982]). Based on our review of the record, including the testimony of the investigator who described his ultimately unsuccessful efforts to locate the witness both shortly before and during the subject trial, we conclude that the court properly admitted in evidence the conditional examination upon concluding that the People had exercised the requisite due diligence (see Arroyo, 54 NY2d at 572-574; People v Frederick, 281 AD2d 963, 964 [4th Dept 2001], lv denied 96 NY2d 829 [2001]; People v Nucci, 162 AD2d 725, 726 [2d Dept 1990], lv denied 76 NY2d 862 [1990]; cf. People v McDuffie, 46 AD3d 1385, 1386 [4th Dept 2007], lv denied 10 NY3d 867 [2008]; People v Combo, 272 AD2d 992, 993 [4th Dept 2000]).
Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant also contends that he was denied a fair trial by prosecutorial misconduct on summation. Defendant failed to preserve his contention for our review with respect to many of the instances of alleged misconduct (see CPL 470.05 [2]; People v Gottsche, 118 AD3d 1303, 1306 [4th Dept 2014], lv denied 24 NY3d 1084 [2014]) and, in any event, that contention lacks merit because the prosecutor's remarks were "either a fair response to defense counsel's summation or fair comment on the evidence" (People v Goupil, 104 AD3d 1215, 1216 [4th Dept 2013], lv denied 21 NY3d 943 [2013] [internal quotation marks omitted]).
We agree with defendant, however, that the court erred in summarily denying his motion to set aside the verdict pursuant to CPL 330.30 (2). The sworn allegations in support of defendant's motion, including those in the affidavit of his mother, indicated that a juror may have had an undisclosed, potentially strained relationship with the mother resulting from attending high school and working together, possibly knew about defendant's criminal history, and purportedly attempted to speak with the mother's husband during a lunch break at trial, and that the alleged misconduct was "not known to the defendant prior to rendition of the verdict" (CPL 330.30 [2]; see People v Mosley, 56 AD3d 1140, 1140 [4th Dept 2008]; People v Paulick, 206 AD2d 895, 896 [4th Dept 1994]; People v Tokarski, 178 AD2d 961, 961 [4th Dept 1991]). We conclude that the allegations " required a hearing on the issue whether the juror's alleged misconduct prejudiced a substantial right of defendant' " (Mosley, 56 AD3d at 1140; see Paulick, 206 AD2d at 896; Tokarski, 178 AD2d at 961; see generally People v Clark, 81 NY2d 913, 914 [1993]). We therefore hold the case, reserve decision and remit the matter to County Court to conduct a hearing on defendant's CPL 330.30 motion.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court