People v Wilson (2020 NY Slip Op 05385)





People v Wilson


2020 NY Slip Op 05385


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


793 KA 16-00641

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT G. WILSON, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 5, 2016. The appeal was held by this court by order entered September 27, 2019, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (175 AD3d 1800 [4th Dept 2019]). The proceedings were held. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Monroe County, for further proceedings.
Memorandum: We previously held this case, reserved decision, and remitted the matter to Supreme Court "to determine, following a hearing if necessary, whether defense counsel consented to the annotated verdict sheet" (People v Wilson, 175 AD3d 1800, 1801 [4th Dept 2019]). Upon remittal, the court convened a reconstruction hearing, heard testimony of the parties' trial counsel, and closed the hearing without making any determination. That was error. The intent of our prior decision was for the court to make a determination, not merely to conduct a hearing (id.; see People v Henderson, 148 AD3d 1779, 1780 [4th Dept 2017]; see generally People v Johnson, 96 AD3d 1586, 1587 [4th Dept 2012], lv denied 19 NY3d 1027 [2012]). It is of course better for the hearing court, which has the advantage of seeing the witnesses and hearing their testimony, to make the determination following a reconstruction hearing, particularly where, as here, witness credibility is at issue (see People v James, 221 AD2d 963, 963 [4th Dept 1995]). We therefore hold the case, reserve decision, and remit the matter to Supreme Court to determine whether defense counsel consented to the annotated verdict sheet (see Wilson, 175 AD3d at 1801).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court