People v Davon S. (2021 NY Slip Op 00921)





People v Davon S.


2021 NY Slip Op 00921


Decided on February 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


25 KA 18-01927

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVON S., DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALLYSON L. KEHL-WIERZBOWSKI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (ROBERT J. SHOEMAKER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Genesee County Court (Charles N. Zambito, J.), rendered May 8, 2018. The judgment convicted defendant upon a plea of guilty of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the second degree (Penal Law § 140.25 [2]). In appeal No. 2, defendant appeals from an adjudication revoking the sentence of probation imposed on his prior youthful offender adjudication of promoting a sexual performance by a child (§ 263.15) and sexual misconduct (§ 130.20 [2]) and imposing a sentence of incarceration based on his admission that he violated the terms and conditions of his probation. Defendant pleaded guilty and admitted to the violation of probation in a single proceeding. In both appeals, defendant contends that his waiver of the right to appeal is invalid and does not encompass his challenge to the severity of the sentences. Even assuming, arguendo, that defendant's waiver of the right to appeal was invalid (see People v Thomas, 34 NY3d 545, 565-566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]) and thus does not preclude our review of his challenge to the severity of his sentences (see People v Baker, 158 AD3d 1296, 1296 [4th Dept 2018], lv denied 31 NY3d 1011 [2018]), we conclude that the sentences are not unduly harsh or severe. We note that, although defendant was sentenced to the maximum term of imprisonment for burglary in the second degree and was only 19 years old at the time of the offense, he committed the offense while he was on probation, his plea was in full satisfaction of numerous other residential burglaries, and several of those burglaries involved the theft of firearms from the homes.
We note that the certificate of conviction in appeal No. 1 incorrectly states that defendant was sentenced on May 7, 2018, and it must therefore be corrected to reflect that he was actually sentenced on May 8, 2018 (see People v Saxton, 32 AD3d 1286, 1286-1287 [4th Dept 2006]).
Entered: February 11, 2021
Mark W. Bennett
Clerk of the Court