People v Wilson (2021 NY Slip Op 04853)





People v Wilson


2021 NY Slip Op 04853


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


573 KA 16-00641

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT G. WILSON, DEFENDANT-APPELLANT. 






DANIELLE C. WILD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered February 5, 2016. The appeal was held by this Court by order entered October 2, 2020, decision was reserved and the matter was remitted to Supreme Court, Monroe County, for further proceedings (187 AD3d 1586 [4th Dept 2020]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: We previously held this case, reserved decision, and remitted the matter to Supreme Court to determine whether defense counsel consented to the annotated verdict sheet (People v Wilson, 187 AD3d 1586, 1586 [4th Dept 2020]). Upon remittal, the court determined following a reconstruction hearing that defense counsel impliedly consented to the annotated verdict sheet, which included the language "lack of consent/totality of circumstances" with respect to count four charging defendant with rape in the third degree (Penal Law § 130.25 [3]). "Although generally 'the lack of an objection to the annotated verdict sheet by defense counsel cannot be transmuted into consent' (People v Damiano, 87 NY2d 477, 484 [1996]), it is well settled that consent to the submission of an annotated verdict sheet may be implied where defense counsel 'fail[s] to object to the verdict sheet after having an opportunity to review it' " (People v Johnson, 96 AD3d 1586, 1587 [4th Dept 2012], lv denied 19 NY3d 1027 [2012]; see People v Howard, 167 AD3d 1499, 1500 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]). Here, the prosecutor testified at the reconstruction hearing that one or both of defendant's attorneys had been provided with a copy of the annotated verdict sheet at the close of proof and that defense counsel did not object to it. The mere fact that neither of defendant's attorneys recalled having received the annotated verdict sheet "does not directly contradict the [prosecutor's] testimony, which the court apparently credited" (Johnson, 96 AD3d at 1587). Because defense counsel had an " 'opportunity to review' " the annotated verdict sheet before it was submitted to the jury and made no objection to it, we conclude that "the court properly determined that defendant impliedly consented to its submission to the jury" (id. at 1587-1588; see Howard, 167 AD3d at 1500-1501).
Defendant further contends that he was denied effective assistance of counsel. We reject that contention. Viewing the evidence, the law, and the circumstances of this case in their totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Defendant next contends that he was denied a fair trial due to various instances of alleged prosecutorial misconduct. Defendant failed to object to most of those alleged instances, and thus he failed to preserve his contention for our review with respect to those instances. In any event, with respect to the alleged instances of misconduct, both preserved and unpreserved, we conclude that " '[a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (People v Torres, 125 AD3d 1481, 1484 [4th Dept 2015], lv denied 25 NY3d 1172 [2015]).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court