People v McKoy (2023 NY Slip Op 00591)

People v Mckoy

2023 NY Slip Op 00591

Decided on February 3, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, MONTOUR, AND OGDEN, JJ.

980 KA 18-02111

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN A. MCKOY, DEFENDANT-APPELLANT. 

LELAND D. MCCORMAC, III, INTERIM PUBLIC DEFENDER, UTICA (JAMES P. GODEMANN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (EVAN A. ESSWEIN OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered June 18, 2018. The judgment convicted defendant upon a jury verdict of burglary in the second degree, attempted burglary in the second degree, criminal mischief in the third degree (two counts) and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]) and attempted burglary in the second degree (§§ 110.00, 140.25 [2]), arising out of two separate incidents. Contrary to defendant's contention, the evidence, viewed in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]), is legally sufficient to support the conviction (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). That evidence includes the presence of defendant's blood at both crime scenes, including in the specific areas where the perpetrator sought to gain entry and, in the case of the completed burglary, inside the residence where the owner discovered that personal property was missing. Thus, the element of identity was established by "a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was . . . the perpetrator[]" (People v Geroyianis, 96 AD3d 1641, 1642 [4th Dept 2012], lv denied 19 NY3d 996 [2012], reconsideration denied 19 NY3d 1102 [2012] [internal quotation marks omitted]; see also People v Black, 110 AD3d 569, 569 [1st Dept 2013], lv denied 23 NY3d 1059 [2014]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Finally, the certificate of disposition must be amended to reflect that defendant was sentenced as a second violent felony offender (see People v St. Denis, 207 AD3d 1084, 1084-1085 [4th Dept 2022]; see generally People v Saxton, 32 AD3d 1286, 1286-1287 [4th Dept 2006]).
Entered: February 3, 2023
Ann Dillon Flynn
Clerk of the Court