People v Mitchell (2025 NY Slip Op 01456)

People v Mitchell

2025 NY Slip Op 01456

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, OGDEN, GREENWOOD, AND KEANE, JJ.

45 KA 23-01064

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
THOMAS P. MITCHELL, JR., DEFENDANT-APPELLANT. 

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.), rendered May 24, 2023. The appeal was held by this Court by order entered June 14, 2024, decision was reserved and the matter was remitted to Ontario County Court for further proceedings (228 AD3d 1250 [4th Dept 2024]). The proceedings were held and completed. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Ontario County Court for further proceedings in accordance with the following memorandum: In this prosecution arising from allegations that defendant committed a series of physical and sexual acts of domestic violence against complainant over the course of their relationship, including in the presence of their young child, defendant appeals from a judgment convicting him, upon a jury verdict, of unlawful imprisonment in the second degree (Penal Law § 135.05), rape in the third degree (former
§ 130.25 [3]), sexual abuse in the first degree (§ 130.65 [1]), assault in the second degree (§ 120.05 [6]), two counts of assault in the third degree (§ 120.00 [1]), two counts of endangering the welfare of a child (§ 260.10 [1]), and two counts of harassment in the second degree (§ 240.26 [1]).
When the appeal was previously before us, we considered defendant's contention that County Court had erred in denying his motion to dismiss the indictment (People v Mitchell, 228 AD3d 1250 [4th Dept 2024]). We determined, consistent with the content of defendant's moving papers and the characterization thereof by the parties and the court, that defendant had "moved to dismiss the indictment pursuant to CPL 30.30 on the ground that the People initially filed an improper [certificate of compliance (COC)] and were therefore not actually ready for trial within the requisite time period" (id. at 1252). Thus, with respect to the legal standard for evaluating the motion, we stated that "[w]here, as here, 'a defendant bring[s] a CPL 30.30 motion to dismiss on the ground that the People failed to exercise due diligence and therefore improperly filed a COC, the People bear the burden of establishing that they did, in fact, exercise due diligence and ma[k]e reasonable inquiries prior to filing the initial COC despite a belated or missing disclosure' " (id. at 1255-1256, quoting People v Bay, 41 NY3d 200, 213 [2023]). We further noted that " '[i]f the prosecution fails to make such a showing, the COC should be deemed improper, the readiness statement stricken as illusory, and—so long as the time chargeable to the People exceeds the applicable CPL 30.30 period—the case dismissed' " (id. at 1256, quoting Bay, 41 NY3d at 213).
On the merits, we agreed with defendant that, contrary to the court's determination in denying his motion to dismiss the indictment pursuant to CPL 30.30, the People failed to show that they had exercised due diligence and made reasonable efforts to identify mandatory discovery prior to filing their initial COC, and therefore the initial COC was not proper when filed and the People's declaration of readiness at that time was illusory (id. at 1251). In particular, the record established that the People, in originally representing that the complainant [*2]had no criminal history, violated their discovery obligation to obtain and disclose the complainant's criminal history prior to filing the initial COC (id. at 1256). Upon our review of the circumstances presented, including the illustrative list of relevant factors set forth in Bay, we concluded that the People failed to meet their burden of establishing that they exercised due diligence and made reasonable inquiries prior to filing the initial COC (id. at 1256-1257). We further recognized that, inasmuch as the court had determined that the initial COC was proper and thus that the People's statement of readiness at that time was not illusory, the court did not rule on whether the time chargeable to the People exceeded the applicable CPL 30.30 period (id. at 1258). Given that the court's failure to rule on that part of defendant's motion could not be deemed a denial thereof, we held the case, reserved decision, and remitted the matter to the court "to determine whether the People were ready within the requisite time period (see CPL 30.30 [1] [a]), including the applicability and effect, if any, of defendant's obligation under CPL 245.50 (4) (b)—which became effective during the pendency of the prosecution—to notify or alert the People to the extent he was aware of a potential defect or deficiency related to the COC, which awareness was a disputed issue before the court" (id.).
Notwithstanding our directive, the court determined on remittal, at the People's urging, that defendant had never validly moved to dismiss the indictment on the ground that he had been deprived of his statutory right to a speedy trial. The court thus concluded that, upon remittal, it was unable to consider whether defendant was entitled to dismissal of the indictment on that basis.
Defendant now contends on resubmission that the People's assertion that he never made a valid motion to dismiss the indictment on statutory speedy trial grounds was improperly raised for the first time on remittal and that the court's reliance on that assertion exceeded the scope of our remittal. We agree.
We unequivocally determined in our prior decision—and reiterated several times—that defendant had moved to dismiss the indictment pursuant to CPL 30.30 on the ground that the People initially filed an improper COC and were therefore not actually ready for trial within the requisite time period (id. at 1251-1252, 1254-1255, 1258). Upon our review of the circumstances presented, we concluded that the People failed to meet their burden of establishing that they exercised due diligence and made reasonable inquiries prior to filing the initial COC (id. at 1256-1257). We nonetheless recognized that, inasmuch as the court had determined that the initial COC was proper and thus that the People's statement of readiness at that time was not illusory, the court did not rule on whether the time chargeable to the People exceeded the applicable CPL 30.30 period (id. at 1258). Pursuant to People v Concepcion (17 NY3d 192, 197-198 [2011]), the court's failure to rule on that part of defendant's motion could not be deemed a denial thereof, and we therefore held the case, reserved decision, and remitted the matter to the court with the aforementioned directive (see Mitchell, 228 AD3d at 1258).
In light of those determinations, the People's assertion on remittal that defendant never made a valid motion to dismiss the indictment on statutory speedy trial grounds was improperly raised because that assertion "extends beyond the scope of the remittal and was not raised by [the People] prior to remittal" (People v Ramos, 210 AD3d 1453, 1454 [4th Dept 2022], lv denied 39 NY3d 1074 [2023]; see People v Pressley, 170 AD3d 1645, 1645 [4th Dept 2019], lv denied 33 NY3d 1072 [2019]; People v Butler, 75 AD3d 1105, 1105 [4th Dept 2010], lv denied 15 NY3d 919 [2010]). Similarly, the court's acceptance of the People's characterization of defendant's motion and its concomitant conclusion that it was unable to consider on remittal whether defendant was entitled to dismissal of the indictment on statutory speedy trial grounds were contrary to our prior determination regarding the nature of defendant's motion and "exceeded the scope of the remittal" (People v Saxton, 53 AD3d 1045, 1046 [4th Dept 2008]). "[A] trial court, upon a remand or remittitur, is without power to do anything except to obey the mandate of the higher court, and render judgment in conformity therewith" (People v Weber, 195 AD3d 1544, 1544 [4th Dept 2021], affd 40 NY3d 206 [2023] [internal quotation marks omitted]; see Saxton, 53 AD3d at 1046; see also People v Dennis, 148 AD3d 927, 928 [2d Dept 2017]; People v Garcia, 145 AD3d 1032, 1033-1034 [2d Dept 2016]).
Under the circumstances of this case, we conclude that remittal for a second time is warranted (see generally People v Wilson, 187 AD3d 1586, 1586 [4th Dept 2020]; People v Henderson, 148 AD3d 1779, 1779-1780 [4th Dept 2017]; People v Crimm, 140 AD3d 1672, [*3]1673-1674 [4th Dept 2016]). We therefore again hold the case, reserve decision, and remit the matter to County Court "to determine whether the People were ready within the requisite time period (see CPL 30.30 [1] [a]), including the applicability and effect, if any, of defendant's obligation under CPL 245.50 (4) (b)—which became effective during the pendency of the prosecution—to notify or alert the People to the extent he was aware of a potential defect or deficiency related to the COC, which awareness was a disputed issue before the court" (Mitchell, 228 AD3d at 1258).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court